IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM H. EVANS, | : | CIVIL ACTION NO. **1:CV-12-0384** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WAYNE COUNTY | : | |
| CORRECTIONAL FACILITY, et al., | : | |
| | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

### I. Background.

Petitioner, William H. Evans, currently an inmate confined at the Wayne County Correctional Facility ("WCCF"), and formerly an inmate at the State Correctional Institution at Waymart ("SCI-Waymart"), filed, *pro se*, a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on February 29, 2012.  (Doc. 1).  Petitioner did not pay the filing fee or  file an *in forma pauperis* Motion, and he was directed to either pay the filing fee or file an *in forma pauperis* Motion.  (Doc. 3).  On March 12, 2012, Petitioner filed an *in forma pauperis* Motion.  (Doc. 4).  While Petitioner indicated that he earned $19.50 per month from his employment at WCCF, he did not submit a copy of his inmate account showing his current balance and a record of the transactions in his account that have occurred within the preceding six (6) months.

Petitioner names as Respondents WCCF and SCI-Waymart.[1]  In his habeas petition,

---

[1]Petitioner named  the incorrect Respondents in his habeas petition, namely, his current and former places of confinement. Since this action is a habeas petition, and since Petitioner is presently confined at WCCF, the  Warden at this prison is the proper Respondent.  *See* 28 U.S.C. § 2242 and § 2243. Petitioner correctly filed his habeas petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426

Petitioner simply claims that  he was sentenced to serve his term of incarceration in a state correctional institution ("SCI"), that he was illegally transferred from the SCI to a county prison to serve his sentence, and that he has lost several "privileges/rights" due to the  transfer.  Some of the "privileges/rights" Petitioner claims he lost due to his transfer from SCI-Waymart to WCCF are the loss of daily access to the SCI law library and use of computers, the loss of religious services and ceremonies, the loss of employment and pay at the SCI, loss of use of exercise equipment available at SCI, loss of longer yard periods, loss to smoking in the SCI yard, loss of contact visits, more expensive prices and less items in the WCCF commissary than the SCI commissary,  and less accessible medical staff at WCCF than in the SCI.   Petitioner also claims that his current confinement in WCCF is illegal since the sentence imposed on him by the state court directed that he be confined in a state prison, and that even though he is a custody level 2 state inmate, he is being confined in a maximum security county prison.  Petitioner points out that he is not at WCCF on a writ or a state furlough, and that he did not volunteer to be transferred from SCI-Waymart to WCCF.

As relief, Petitioner requests that the Court transfer him from WCCF back to a state correctional institution.  To date, Petitioner's habeas  petition has not been served on Respondents.

We  now  give  preliminary  consideration  to  the  habeas  petition  pursuant  to  Rule  4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977).  *See Patton v. Fenton*, 491 F. Supp. 156, 158-59

---

(2004).

(M.D. Pa. 1979).[2]   We find that the Court should  deny Petitioner Evans' §2254 habeas petition

without prejudice to any right he may have to reassert his present claims in a properly filed civil

rights complaint.  We find that a habeas petition is not the proper vehicle for Petitioner to raise his

present claims essentially challenging the conditions of his confinement at WCCF.  *See McCann v.*

*Wayne County Correctional Facility*, 2012 WL 511917 (M.D. Pa. 2-15-12); *Henriquez v. Smeal*,

2011 WL 3204518 (M.D. Pa. 7-26-11).[3]

## II. Discussion.

As mentioned, a habeas petition may be summarily dismissed before it is served on

Respondent for a response "when the petition is frivolous, or obviously lacking in merit, or where

the necessary facts can be determined from the petition itself ... ."  *Allen v. Perini*, 424 F.2d 134,

141 (6th Cir. 1970)("[T]he District Court has a duty to screen out a habeas corpus petition which

should be dismissed for lack of merit on its face."), *cert. denied*, 400 U.S. 906, 91 S.Ct. 147 (1970).

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[3]We note that while the *McCann* and *Henriquez* cases are not published opinions and are not binding precedent, we cite to them as persuasive cases since they are recent Middle District Pennsylvania District Court cases directly on point with the instant action.

To the extent that an inmate  is challenging the fact or length of his incarceration, as well as the legality of his present confinement, these are habeas claims.   However, a state inmate who is challenging the conditions of his confinement as unconstitutional must assert these claims in a civil rights action pursuant to 42 U.S.C. §1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Leamer v. Fauver*, 288 F. 3d 532, 540 (3d Cir. 2002).

The Third Circuit in *Leamer v. Fauver*, 288 F. 3d at 542, stated:

> whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and <u>regardless of the relief sought,</u> must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate. (Emphasis added).

Petitioner can file a petition for writ of habeas corpus under 28 U.S.C. §2254 if he contends that his confinement in prison is unlawful.  *See Defoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005).  Petitioner must raise constitutional claims regarding the conditions of his confinement at WCCF,  such as the lack of proper medical care in violation of the Eight Amendment, in a § 1983 civil rights action after he completes exhaustion of the claims *via* the prison's administrative remedy process.[4]  The Supreme Court has held that a civil rights action is a proper remedy for a prisoner

---

[4]Prior to filing a civil rights action in federal court, an inmate must utilize the grievance procedure available in the prison. The inmate must exhaust all of his available administrative remedies with respect to each of his claims prior to filing a civil rights suit. Defendants have the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Spruill v. Gillis*, 372 F. 3d 218, 222 (3d Cir. 2004); *Jones v. Bock*, 549 U.S. 199, 215 (2007).

who claims that his conditions of confinement violate the constitution, but is not challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973).  We find that Petitioner Evans is not attacking his state court sentence as unlawful and  is not implicating relief that may alter the term of his confinement in prison.  Thus, he cannot raise his claims in a §2254 habeas petition. Rather, he must file a §1983 civil rights action.  *See Muhammad v. Close*, 540 U.S.  749, 124 S. Ct. 1303, 1304 (2004 (Per Curiam); *Leamer v. Fauver*, 288 F. 3d at 542.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Fisher v. Matthews,* –F.Supp.2d–, 2011 WL 1982920, *23 (M.D. Pa. 5-20-11). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

 With respect to Petitioner Evans' present habeas claims that he should not be incarcerated in WCCF since the state court sentenced him to an SCI and, that due to his transfer, he lost several privileges that were available in the SCI, we do not find he is properly contending that his confinement in WCCF is unlawful or that he is seeking speedier or immediate release from confinement.  As such, we find that Petitioner 's present claims are not properly raised in a habeas petition.

Therefore, we will recommend that Petitioner Evans' habeas petition (Doc. 1) be denied without prejudice to any right he may have to raise his instant claims in a §1983 civil rights action.[5] *See McCann, surpa; Henriquez, supra.*

## III.  Recommendation.

Based on the foregoing, it is respectfully recommend that Plaintiff Evans' habeas petition **(Doc. 1)** be denied without prejudice to any right he may have to raise his instant claims in a §1983 civil rights action.  Further, it is recommended that Plaintiff's *in forma pauperis* Motion **(Doc. 4)** be granted solely for the purpose of filing this action.

> **s/ Thomas M. Blewitt**
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: March 16, 2012**

---

[5]We do not determine if Petitioner Evans has stated any cognizable violations of his constitutional rights with respect to his present claims.  However, we note that Evans has no constitutional right to confinement in any particular prison, facility or rehabilitative program. *See Olim v. Wakinekona,* 461 U.S. 238, 245 (1983).  Additionally, the transfer of an inmate to a more restrictive prison does not violate the Due Process Clause "so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532 (1976). Further, Evans has no constitutional  right to any particular classification or custody level in prison.  *See Wilson v. Horn*, 971 F.Supp. 943, 947 (E.D. Pa. 1997).

Also, the Anti-Injunction Act prohibits this Court from interfering with the state court's determination or enforcing state court judgments as to where Petitioner  should serve his sentence.  *See In re Madera*, 2008 WL 447497, * 5 (E.D. Pa. 2-7-08).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM H. EVANS, | : | CIVIL ACTION NO. **1:CV-12-0384** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WAYNE COUNTY | : | |
| CORRECTIONAL FACILITY, et al., | : | |
| | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **March 16, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: March 16, 2012**

Plaintiff asserts a constitutional claim that the Pennsylvania Department of Corrections ("PA DOC") and state officials along with the YCP Warden, violated his rights under the Fourteenth Amendment Equal Protection Clause by transferring him from state prison to YCP to serve his state sentence. (Doc. 1, pp. 2-3). Plaintiff indicates on the face of his Complaint that it is a § 1983 civil rights action as well as an action under 28 U.S.C. § 1331 against federal officials.[6]

Plaintiff also filed the proper motion for leave to proceed *in forma pauperis* on January 7, 2010. (Doc. 6).[7]  This Court has jurisdiction over Plaintiff's civil rights action pursuant to 28 U.S.C. § 1343(a) and § 1331.

Plaintiff's claims are set forth in a typed four-page Complaint. *See* Doc. 1. Plaintiff states that the DOC had no authority to transfer him from state prison to county prison. He also claims that since a state court judge sentenced him to serve his sentence in a state prison, DOC officials violated his constitutional rights, *i.e.* Fourteenth Amendment Equal Protection Clause, by transferring him to a county prison where he has less rights and privileges than an inmate in a state prison. We find that the DOC did not violate Plaintiff's constitutional rights by transferring him from state prison to a county prison even though the state court judge sentenced him to his sentence in a state prison. We also find that, to the extent Plaintiff may be deemed as challenging the execution of his sentence as opposed to the conditions of his confinement in YCP and claims that the DOC violated the sentencing court directive as to where he was to serve his sentence, *i.e.* a state prison as opposed to a county prison, and that his confinement at YCP is illegal, he should file a Habeas Corpus Petition pursuant to 28 U.S.C. § 2254.

Plaintiff indicates that he used the prison grievance procedure available at YCP, and that he grieved about his claim that the DOC had no authority to transfer him from state prison to county prison. (Doc. 1, p. 2). However, Plaintiff states that did not receive a response to his grievance. Thus, Plaintiff admits that he did not exhaust his present claim, and he indicates that he has not exhausted all of his available administrative remedies at York County Prison, but he seems to allege futility since he states that he did not receive a response to his grievance. He does not state if he filed another grievance with respect to his Fourteenth Amendment equal protection claim. Plaintiff's own allegations show that on November 12, 2009, he was transferred from SCI-Camp Hill

---

[6]Since Plaintiff only sues state actor Defendants, the Commonwealth of Pennsylvania and a state agency, as well as the Warden of York County Prison, Plaintiff's action is only under 42 U.S.C. § 1983. Further, since Plaintiff does not sue any federal official or agency, seeking money damages for allegedly violating his constitutional rights, his action is not jointly a *Bivens* action under 28 U.S.C. §1331.

[7]By Administrative Order dated December 29, 2009, the Court directed Plaintiff to file a proper Motion for leave to proceed *in forma pauperis* since his original *in forma pauperis* Motion was not correct.. (Docs. 2 and 5).

to York County Prison, *i.e.* the date his instant claim arose, and it does not seem possible Plaintiff could have exhausted all of his available administrative remedies at York County Prison before he filed the present case on December 28,

## II. Allegations of Complaint.

Plaintiff names as Defendants the following: Pennsylvania Department of Corrections; Commonwealth of Pennsylvania; Attorney General of Pennsylvania; Pennsylvania Governor Rendell; Jeffery Beard, Secretary, Pennsylvania Department of Corrections; Jeffery Ditty, Deputy Superintendent, SCI-camp Hill; John A. Palakovich, Superintendent, SCI-Camp Hill; and Mary Sable, Warden of York County Prison. (Doc. 1, p. 1).

In the present case, Plaintiff raises one constitutional claim. He alleges that on July 7, 2009, he was sentenced in state court to a 24 to 48 month prison term which the sentencing court ordered to be served in a state prison and not a county prison. Plaintiff states that on July 17, 2009, he was confined at SCI-Graterford. Then he states that on August 17, 2009, he was transferred to SCI-Camp Hill to commence service of his prison sentence and to be classified. Plaintiff avers that after the classification process, he was transferred from SCI-Camp Hill to YCP to serve the completion of his prison sentence. Plaintiff alleges that his transfer from a state prison to YCP to complete service of his sentence was contrary to the sentencing order of the state court, which directed that he serve his full sentence in a state prison, and that his confinement in YCP is illegal. Plaintiff also claims that his constitutional rights under the Fourteenth Amendment Equal Protection Clause have been violated by his transfer to YCP since he receives less rights and privileges at YCP than he was receiving when he was confined in a state prison.

Plaintiff avers that due to his transfer to YCP to complete service of his sentence, he has lost all of the rights and privileges he had as a state inmate, which were more inclusive than the rights and privileges he receives as an inmate in YCP, such as the right to contact visits he received in state prison compared to his YCP visits, which consist of 30 minutes behind a glass. Plaintiff claims that the loss of his rights as a state inmate due to his transfer to YCP amount to a violation of the Fourteenth Amendment Equal Protection Clause. (*Id*., pp. 2-3). Plaintiff states that since he is being made to serve the remainder of his prison term as a county inmate at YCP, in contravention of the state court's sentencing order, and since he receives only the rights and privileges of a county inmate, he should "be granted the right to be resentenced as a county inmate and moved closer to [his] home [*i.e.* to the county prison near his home and not YCP]." (*Id*., p. 3).

10

Plaintiff avers that as a state inmate confined in state prison, he was closer to his home and family than he is as a YCP inmate, and that this is causing hardship and a financial burden on his family.  Plaintiff also states that he should be treated as a state inmate and afforded the rights of a state inmate since he was sentenced to serve his term in a state prison and not in a county prison. He further states that state inmates are not supposed to be housed with county inmates.

Plaintiff claims that he is being "illegal[ly] detained" in a county prison[8] and that he is entitled to compensation of $600 per day from November 12, 2009, seemingly the date he was transferred to YCP, until the date that his present case is resolved.  Plaintiff also requests that this Court transfer him to his "home county jail" to serve the remainder of his sentence.  (*Id.*).

Plaintiff does not indicate if he seeks compensatory damages against each state Defendant in both in their individual and official capacities.  (*Id.*, p. 3).[9]

---

[8]As discussed below, to the extent that Plaintiff is deemed as challenging the execution of his July 7, 2009 state court sentence and he claims that he is being illegally detained in YCP as opposed to a state prison as the court ordered, he must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

[9]Plaintiff cannot sue the state actor Defendants for monetary damages in their official capacities.  To the extent that Plaintiff is seeking monetary damages from the Defendants, he can only sue the state actor Defendants in their individual or personal capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential).

Thus, any claim of Plaintiff for monetary damages against Defendants in their official capacities should be dismissed.

### III.  PLRA.

The Prison Litigation Reform Act of 1995,[10] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[11]   Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a

> claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

### IV.  Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993).  Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[12]  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385

---

[10]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[11]The Plaintiff completed an application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account.  The court then issued an administrative order directing the warden to commence the withdrawal of the full filing fee due the court from the Plaintiff's prison trust fund account.   (Docs. 6 and 7).

[12]Plaintiff indicates in his pleading that the six individual Defendants are state actors. (Doc. 1, pp. 1-2).

F. Supp. 2d 491, 498-499 (M. D. Pa.).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.[13]

---

[13]As stated above, it is well settled that personal liability under §1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See Ascenzi v. Diaz,* 2007 WL 1031516, *3 (M.D. Pa.)("supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct")(citations omitted).

## V. Motion to Dismiss Standard.

The Court in *Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), as follows:

> The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v. Rhodes*, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----, 2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.
*See also Kokinda v. Breiner*, 557 F. Supp. 2d 581, 588 (M.D. Pa. 2008).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 110 (3d Cir. 2002); and *Sharpe v. Costello*, 2007 WL 1098964, *3 (M.D. Pa. 2007).

## VI. Discussion.

As stated, to the extent that Plaintiff is deemed as challenging the execution of his July 7, 2009 state court sentence with respect to his claims that he was sentenced to serve his prison term in state prison and he claims that he is being illegally detained in YCP as opposed to a state prison as ordered, we find that he should be directed to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. An inmate challenging the validity or execution of his state court sentence must file a habeas petition under § 2254. *See DeVaughn v. Dodrill*, C.A. No. 03-4162 (3d Cir. 8-23-05).

In the present case, we find Plaintiff is not challenging the execution of his state court sentence with respect to his claim that since he was ordered to serve his prison term in state prison, the DOC violated the sentencing court's order by transferring him to YCP, and that he is being illegally detained in YCP as opposed to a state prison as ordered by the sentencing court. Plaintiff also requests this Court to order that he be resentenced to serve his prison term in a county prison

which is located near his home and family.

A § 2254 Habeas Petition is the proper vehicle for an inmate to raise a claim challenging the execution of his sentence; however, Plaintiff claims that his continued confinement in county prison is illegal, *i.e.* he was ordered to serve his sentence in a state prison and not a county prison, and that he is being denied the same rights a similarly situated inmates who are confined in state prison. We find that our Plaintiff is not challenging the execution of his sentence. The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973); *Queen v. Miner*, C.A. No. 08-1049 (3d Cir. 2-29-08), slip op. p. 3, n. 3 (Per Curiam) ("challenge that affects fact or duration of confinement must be brought in habeas petition") (citing *Preiser, supra*.). We find that Plaintiff is not challenging the fact or length of his confinement at YCP.[14]

Thus, we find that Plaintiff's challenge to the legality of his transfer to YCP, as opposed to the fact or length of his confinement at YCP, may be properly brought in a civil rights action. *See Levi v. Ebbert*, 2009 WL 2169171 (M.D. Pa.). Plaintiff is essentially challenging his conditions at YCP, and he is raising a Fourteenth Amendment equal protection claim that he is being deprived of the

---

[14]The Third Circuit in *Leamer v. Fauver*, 288 F. 3d 532, 542 (3d Cir. 2002), stated: whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and <u>regardless of the relief sought,</u> must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate. (Emphasis added).

rights and privileges at YCP that he is entitled to as a state prisoner since he was ordered to serve

his sentence in state prison.   We find that Plaintiff's claim can be asserted in a § 1983 civil rights

action.   As stated, Plaintiff is mainly challenging the DOC's November 12, 2009 decision to transfer

him to YCP to serve the remainder of his sentence, and he is challenging the privileges he receives

at YCP, which are not as great as a state inmate receives.

Plaintiff fails to state a cognizable constitutional claim since he has no constitutional right to

serve his sentence in any particular prison.   Thus, we find that Plaintiff fails to state a cognizable

claim against any Defendant.

In *Anderson v. Board of Probation & Parole*, 2004 WL 286870, *2 (E.D.Pa.), the Court stated:

> Anderson argues that his transfer from Northampton County Prison to
> a State Correctional Institution was unlawful.  Again, Pennsylvania law permits
> such a transfer. *See* 61 P.S. § 72 (DOC is permitted to transfer inmates from
> county to state custody at the request of the county prison). Here, the
> warden of Northampton County Prison requested that Anderson be
> transferred to state custody based on the length of his sentence after
> aggregation. Since Anderson does not have a constitutional right to
> confinement in a certain facility, this claim does not provide a basis for
> habeas relief. *See Yi v. Federal Bureau of Prisons,* 2003 WL 21321411
> (E.D.Pa. Jun.3, 2003) (citing *Olim v. Wakinekona,* 461 U.S. 238, 246, 103
> S.Ct. 1741, 75 L.Ed.2d 813 (1983)"an interstate prison transfer ... does
> not deprive an inmate of any liberty interest protected by the Due Process
> Clause")).

In *Anderson*, the Court found no constitutional violation when the county prison transferred an

inmate to state prison.   Even though our Plaintiff alleges that his transfer by the DOC to YCP

violated his constitutional rights, we find that an inmate does not have a constitutional right to

confinement in a particular prison.   Plaintiff Guerrero is seeking this Court to order the DOC to

transfer him back to a state prison or for YCP to transfer him to a county prison near his home.

Plaintiff also avers that he is entitled to the rights and privileges of an inmate confined in a state prison and not the lesser rights he receives as a county inmate. As mentioned, we find that these claims are not challenging the duration of Plaintiff's confinement and that they are not core habeas claims.[15] We also find that these claims do not amount to a constitutional violation.

Plaintiff states that Defendants wrongfully transferred him from SCI-Camp Hill to YCP and that they will not return him to a state prison, the prison where the sentencing court directed he serve his sentence. Plaintiff states that this refusal to transfer him back to state prison is causing him to serve the remainder of his sentence in a county prison and not in a state prison, contrary to the sentencing court's directive, and that at YCP he receives less privileges than he received when he was confined in a state prison. This claim regarding the prison where Plaintiff is being required to serve the remainder of his sentence is a challenge to Plaintiff's conditions of confinement, and as such, this claim can be raised in a § 1983 civil rights action. *See Burnam v. Marberry*, 2008 WL 4190785,*3 (W. D. Pa.) (if Petitioner is not asserting habeas claims under § 2241 challenging the execution of his sentence, the court does not have habeas jurisdiction over his claims) (citing *Woodall v. BOP*, 432 F. 3d 235, 242-43 (3d Cir. 2005)). In *Burnam*, the Court stated that after *Woodall*, "the Third Circuit has held, albeit in unpublished decisions, that an inmate's claim that implicates a BOP decision to transfer him from one penal institution to another penal institution does not fall within the scope of habeas jurisdiction." *Id.*, *4 (citations omitted); *Levi v. Ebbert, supra*.

---

[15]In *Levi v. Williamson*, Civil No. 06-1608, M.D. Pa., this Court found that to the extent that Petitioner Levi challenged his custody classification by BOP prison staff and claimed that he should be placed in a low security federal prison or camp, these claims were not proper habeas claims and should be dismissed from habeas petition.

In our case, after Plaintiff's classification, the DOC chose to transfer Plaintiff from SCI-Camp Hill to a county prison, YCP, and it did not to transfer Plaintiff to another state prison.

It is well settled that Plaintiff has no constitutional right to confinement in any particular prison. *See Levi v. Ebbert*, 2009 WL 2169171, *6 (M.D. Pa.).  The refusal of Defendants to  transfer Plaintiff from one institution to another does not amount to a constitutional violation, since Plaintiff has no right to be incarcerated in any specific prison.  *See Olim v. Wakinekona*, 461 U.S. 238 (1983).  Nor does Plaintiff have a constitutional right to be transferred to a county prison near his home and family.  *See Bezerra v. Miner*, 248 Fed.Appx. 368, 370 (3d Cir. 2007) ("It is well established that a prisoner does not have a due process interest in his assignment to a particular institution, including one closer to his family." (citations omitted).

It is also well-settled that an inmate has no recognizable constitutional right to a particular custody status.  *See Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997).  We also find that the Plaintiff is requesting relief in the form of Court intervention and management while he is in prison, *i.e.* directing how the DOC classifies Plaintiff and directing the DOC as to where he should serve his sentence and/or directing the DOC to transfer him out of YCP to a county prison near his home. The Court will not generally interfere with prison administration matters such as the DOC's decision to place Plaintiff in a particular prison.  The Court should give significant deference to judgments of prison officials regarding prison regulations and prison administration.  *See Fraise v. Terhune*, 283 F.3d 506 (3d Cir. 2002); *See Levi v. Ebbert*, 2009 WL 2169171, *6.

Moreover, the Commonwealth of Pennsylvania and the DOC are not even proper Defendants in this action.  The Eleventh Amendment bars Plaintiff's claims against the Commonwealth and the DOC.  These two Defendants' are protected by sovereign immunity under the Eleventh Amendment with respect to Plaintiff's claims. *See Urella v. PA State Troopers Ass'n*, 2008 WL 1944069, *2 (E. D. Pa.); *MCI Telecom. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 502 (3d Cir. 2001).  Thus, because the DOC is an agency of the Commonwealth of Pennsylvania, this Court's jurisdiction over the DOC is barred based on the Eleventh Amendment.

In *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009), this Court held that:

> The Eleventh Amendment precludes private federal litigation against a state and its agencies. n16 *Hans v. Louisiana*, 134 U.S. 1, 15-16, 10 S. Ct. 504, 33 L. Ed. 842 (1890); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000); *Lombardo v. Pennsylvania*, 540 F.3d 190, 194-95 (3d Cir. 2008). This is a jurisdictional bar subject to only two exceptions: (1) Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power under the Fourteenth Amendment, or (2) a state may waive its sovereign immunity by consenting to suit. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). It is well settled that Congress had no intention to abrogate the states' sovereign immunity by enacting § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). [**41] Furthermore, Pennsylvania has unequivocally withheld its consent to such suits. See 42 PA. CONS. STAT. § 8521(b); *see also Lombardo*, 540 F.3d at 196 n.3; *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).

*See also Urella v. PA State Troopers Ass'n*, 2008 WL 1944069, *3.

Therefore, Defendants Commonwealth of Pennsylvania and DOC should be dismissed.

Additionally, Plaintiff fails to state the personal involvement of any individual Defendant, namely, Pennsylvania Attorney General, Randall, Beard, Ditty, Palakovich and Sable, with respect to his claims.   Rather, Plaintiff appears to have named the six individual Defendants only based on *respondeat superior,* which is not a basis to hold these Defendants liable in a § 1983 action.

Recently, the Supreme Court in *Iqbal* repeated the personal involvement necessary in a §1983 action.   In *Innis v. Wilson*,  2009 WL 1608502, *2 (3d Cir. 2009), the Court, citing *Iqbal,* stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
>
> "Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D.Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly,* 550 U.S. at 556 n. 3)). Accordingly, to survive a motion

> to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).

We find that Plaintiff's Complaint lacks sufficient allegations as to Defendants Attorney General, Randall, Beard, Ditty, Palakovich and Sable, and that it fails to state what these Defendants personally did to violate Plaintiff's constitutional rights and how they were personally involved in the decision to transfer Plaintiff from SCI-Camp Hill to YCP.

Therefore, we will recommend that  Defendants Attorney General, Randall, Beard, Ditty, Palakovich and Sable be dismissed.

Finally, we do not find that Plaintiff states a cognizable Fourteenth Amendment equal protection claim.

In the case of *Jefferson v. Wolfe*, 2006 WL 1947721, * 15 (W.D. Pa.), the Court stated:

> "as a threshold matter, in order to establish an equal protection violation, the plaintiff must ' . . . demonstrate that [he has] been treated differently by a state actor than others who are similarly situated simply because [he] belongs to a particular protected class.'" *(Citing Keevan v. Smith*, 100 F.3d 644, 648 (8th Cir. 1996).

The elements of a § 1983 equal protection claim require Plaintiff to state Defendants intended to discriminate against him, and later to prove this by either direct or circumstantial evidence. *See Pa. v. Flaherty*, 983 F. 2d 1267 (3d Cir. 1993) (Intent is a *prima facie* element of a § 1983 equal protection claim of discrimination) (citing *Washington v. Davis*, 426 U.S. 229 (1976). *See also Williams v. Pa. State Police*, 108 F. Supp. 2d 460, 471 (E.D. Pa. 2000) ("to prevail on a § 1983 claim, a plaintiff must prove that the Defendant intended to discriminate") (citation omitted).

The Equal Protection Clause does not require that all persons be treated alike, but instead, a plaintiff must show that the differential treatment to those similarly situated was unreasonable, or involved a fundamental interest or individual discrimination. *Tigner v. Texas*, 310 U.S. 141, 147 (1940); *Price v. Cohen*, 715 F.2d 87, 91 (3d Cir. 1983), *cert. denied*, 465 U.S. 1032 (1984). It is well-settled that a litigant, in order to establish a viable equal protection claim, must show an intentional or purposeful discrimination. *Snowden v. Hughes*, 321 U.S. 1, 8 (1944); *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985), *cert. denied*, 475 U.S. 1096 (1986); *E & T Realty v. Strickland*, 830 F.2d 1107, 1113-14 (11th Cir. 1987), *cert. denied* 485 U.S. 961 (1988). This "state of mind" requirement applies equally to claims involving (1) discrimination on the basis of race, religion, gender, alienage or national origin, (2) the violation of fundamental rights, and (3) classifications based on social or economic factors. *See, e.g., Britton v. City of Erie*, 933 F. Supp. 1261, 1266 (W.D. Pa. 1995), *aff'd*, 100 F.3d 946 (3d Cir. 1996); *Adams v. McAllister*, 798 F. Supp. 242, 245 (M.D. Pa.), *aff'd*. 972 F.2d 1330 (3d Cir. 1992).

As the Court in *Barnes Foundation v. Township of Lower Merion*, 942 F.Supp. 970, 983 (E.D. Pa. 1997), stated:

> The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The Equal Protection Clause announces the "fundamental principle" that "the State must govern impartially," *New York City Transit Auth. v. Beazer*, 440 U.S. 568, 587, 99 S.Ct. 1355, 1367, 59 L.Ed.2d 587 (1979), and "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985).

23

Plaintiff has not alleged facts from which it can be concluded that he is a member of a protected class and he has not alleged that any Defendant engaged in intentional or purposeful discrimination. Also, Plaintiff does not allege that he was treated differently by any Defendant than similarly situated persons on the basis of his race, religion, gender, alienage or national origin. Plaintiff indicates that he receives the same privileges as other inmates, both county and state inmates, confined at YCP, *i.e.* similarly situated persons. In short, Plaintiff does not allege that others similarly situated were given more privileges at YCP than he was based on his race, religion, gender, alienage or national origin.

Plaintiff does not even implicate that a violation of a fundamental right occurred since he has no right to visitation at all while confined in prison, let alone a right to contact visits. In *Lattanzio v. Holt*, 2008 WL 553703, *3 (M.D. Pa.), the Court stated:

> Neither convicted prisoners nor their family members have an inherent constitutional right to visitation. *See Flanagan v. Shively,* 783 F.Supp. 922, 934 (M.D.Pa.), *aff'd,* 980 F.2d 722 (3d Cir.1992), *cert. denied,* 510 U.S. 829, 114 S.Ct. 95, 126 L.Ed.2d 62 (1993); *Doe v. Sparks,* 733 F.Supp. 227, 230 & n. 3 (W.D.Pa.1990); *Buehl v. Lehman,* 802 F.Supp. 1266, 1270 (E.D.Pa.1992) (visitation is a privilege subject to the discretion of prison authorities).
>
> Removal from society is a fundamental incident of imprisonment and where visitation is permitted, it is often narrowly circumscribed. *See Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 461, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (denying prison visitation with mother characterized as well within ordinarily contemplated terms of imprisonment). An inability to receive visitors is not atypical and unusually harsh compared to the ordinary circumstances contemplated by a prison sentence. *Parke v. Lancaster County Prison,* Civil No. 95-6425, slip op. at 5 (E.D.Pa. Oct. 24, 1995) (DuBois, J.).

In fact, Plaintiff does not claim that he was denied all visits in YCP; rather, he only alleges that he is no longer allowed contact visits like the visits he received in state prison, and he now states that he can only visit with people behind a glass.  Plaintiff receives the same type of visits as all of the inmates at YCP.   Thus, there is no cognizable equal protection claim stated by Plaintiff. [16]

Therefore, we shall recommend that Plaintiff's Fourteenth Amendment equal protection claim against all Defendants be dismissed.

---

[16]The Court in *Porter v. Grace*, 2006 WL 680820, *2 (M.D. Pa.), considered an equal protection claim and stated:
\

> "An equal protection claim arises when an individual contends that he is receiving different treatment from that received by other individuals similarly situated."  *Kuhar v. Greensburg-Sale School Dist.*, 616 F.2d 676, 677 n. 1 (3d Cir. 1980). Inasmuch as the Petitioner has not alleged that he was treated differently than others similarly situated, his equal protection claim must fail.