IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM H. EVANS,** | : | **CIVIL ACTION NO. 1:12-CV-384** |
| Petitioner | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **WAYNE COUNTY CORRECTIONAL** | : | |
| **FACILITY,** *et al.*, | : | |
| Respondents | : | |

## ORDER

AND NOW, this 9th day of April, 2012, upon consideration of the Report and Recommendation of United States Magistrate Judge Thomas M. Blewitt (Doc. 5), recommending that the Petition for Writ of Habeas Corpus (Doc. 1) be denied without prejudice, and, following an independent review of the record, it appearing that neither party has objected to the magistrate judge's report and recommendation, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir.

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), and the Court finding Judge Blewitt's analysis to be thorough and well-reasoned,[2] it is hereby ORDERED that:

1. The Petition for Writ of Habeas Corpus (Doc 1) is DENIED without prejudice to any right petitioner may have to raise his instant claims in a § 1983 civil rights action

2. The *In Forma Pauperis* Motion (Doc. 4) is GRANTED solely for the purpose of filing this action.

3. The Clerk of Court is directed to STRIKE from the record pages 9-25 of Document 5.

4. The Clerk of Court is directed to CLOSE this matter.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] It appears that, through inadvertence, the Magistrate Judge has appended portions of a report and recommendation on an unrelated matter to his report and recommendation in this matter. See Doc. 5, pp. 9-25. Accordingly, the court will direct the Clerk of Court to strike from the record pages 9-25 of Document 5.